FILED
2021 Jun-08  PM 12:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **2:12-CR-00391-SLB-JHE-1** |
| | ) | |
| **JERMAINE HALL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on a *pro se* motion for modification of
sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Jermaine Hall.
(Doc. 30).[1]  Mr. Hall seeks compassionate release based on the current COVID-19
pandemic.  (*Id.*).  The government filed a response in opposition to Mr. Hall's
motion for compassionate release.  (Doc. 34).  After reviewing the submissions of
the parties, the court finds that Mr. Hall has not shown entitlement to
compassionate release.

As background, Mr. Hall pled guilty to three counts of distribution of heroin
in violation of 21 U.S.C. § 841.  (Doc. 17 at 1).  The court sentenced Mr. Hall to a
total of 151 months in prison for each count of conviction, all to be served

---

[1] Reference to a document number, ["Doc. ___"], refers to the number
assigned to each document as it is filed in the court's record.  Page number
citations refer to the page numbers assigned to the document by the court's
CM/ECF electronic filing system.

concurrently.  (*Id.* at 2).  Mr. Hall is currently incarcerated at Beaumont Medium FCI with a release date of July 14, 2023.  *See* https://www.bop.gov/inmateloc/ (last visited June 7, 2021).  He is 40 years old.  (*Id.*).  Mr. Hall suffers from hypertension, allergies, and has sickle cell trait but not sickle cell disease.  (Doc. 34-1); (doc. 34-2).   He has received both doses of the Pfizer COVID-19 vaccine. (Doc. 34-1 at 2).

Mr. Hall brings his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after its imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has properly exhausted his or her administrative remedies.  18 U.S.C. § 3582(c)(1)(A). Upon a prisoner's exhaustion of administrative remedies, Section 3582(c)(1)(A) allows a court to modify a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" *if* the court finds that "extraordinary and compelling reasons warrant such a reduction" *and* finds that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The relevant Sentencing Commission policy statement contains application notes for Section 3582(c)(1)(A) that set forth several "extraordinary and

compelling reasons" warranting a reduction in sentence.  U.S.S.G. § 1B1.13(1)(A)

& cmt. 1.  Those circumstances are: (A) a serious medical condition affecting the

defendant; (B) the age of the defendant; (C) certain family circumstances; and

(D) "Other Reasons."  *Id.* § 1B1.13 cmt. 1.  Relevant in this case, the serious

medical condition circumstance applies where an inmate is "suffering from a

serious physical or medical condition [ . . . ] that substantially diminishes the

ability of the defendant to provide self-care within the environment of a

correctional facility and from which he or she is not expected to recover."  *Id.*

§ 1B1.13 cmt. 1(A)(ii)(I).  Application Note 1(D)'s "Other Reasons" provision is a

catchall that applies to reasons other than, or in combination with, those described

in notes (A) through (C), "as determined by the Director of the Bureau of Prisons."

*Id.* § 1B1.13 cmt. 1(D).

   A panel of the Eleventh Circuit has recently held in a published opinion that

the policy statement in U.S.S.G. § 1B1.13 "is an applicable policy statement that

governs all motions under Section 3582(c)(1)(A)."  *United States v. Bryant*, 996

F.3d 1243, 1262 (11th Cir. 2021).  Therefore, a district court "may not reduce a

sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with

1B1.13."  *Id.*  Further, the Eleventh Circuit clarified that courts should apply

Application Note 1(D)—the catchall provision—as it is written, stating that the

Bureau of Prisons, not the court, determines "which reasons outside of those

explicitly delineated by the Commission are extraordinary and compelling." *Id.* at 1264–65.  Thus, courts do not have the discretion to "develop 'other reasons'" under Application Note 1(D) "that might justify a reduction in a defendant's sentence." *Id.* at 1248.

In his motion seeking compassionate release pursuant to Section 3582(c)(1)(A), Mr. Hall argues that he should be entitled to release because of "the imminent danger posed by the COVID-19 pandemic." (Doc. 30 at 1).  He asserts that the Bureau of Prisons has been unable to effectively control the spread of COVID-19.  (*Id.* at 1–3).  He argues that he has extraordinary and compelling reasons warranting release because he is at particularly high risk from COVID-19, as he has hypertension, sickle cell anemia, and a history of smoking.  (*Id.* at 2–3). He provides evidence that he properly exhausted his administrative remedies and states that he has a release plan.  (*Id.* at 3–4, 13–16).

The government filed a response in opposition.  (Doc. 34).  The government concedes that Mr. Hall exhausted his administrative remedies and that his motion is properly before the court.  (*Id.* at 2).  However, the government argues that Mr. Hall is not entitled to compassionate release because he has not shown extraordinary and compelling reasons for release under the applicable policy statement, as he has been vaccinated against COVID-19 and otherwise cannot show qualifying reasons for relief.  (*Id.* at 4–6).  Finally, the government argues

that the factors set forth in 18 U.S.C. § 3553(a) do not favor release because of the seriousness of Mr. Hall's crimes and his lengthy criminal history.  (*Id.* at 7–10).

In this case, the government concedes that Mr. Hall exhausted his administrative remedies as required by Section 3582(c)(1)(A); thus, Mr. Hall's motion is properly before the court.  *See* (Doc. 34 at 2); 18 U.S.C. § 3582(c)(1)(A). Nevertheless, the court finds that Mr. Hall has not shown that he is entitled to compassionate release because he cannot show extraordinary and compelling reasons for relief that are consistent with the applicable governing policy statement.  *See* 18 U.S.C. § 3582(c)(1)(A); *Bryant*, 996 F.3d at 1262.  Based on the content of his motion, Mr. Hall could potentially seek relief under two sections of the applicable policy statement: the section regarding medical conditions and the catchall provision in Application Note 1(D).  *See* U.S.S.G. § 1B1.13 & cmt. 1.  He has not shown that either provision applies to him.

Under the Eleventh Circuit's binding precedent, Mr. Hall cannot show entitlement to relief under Application Note 1(D).  The Eleventh Circuit has held that only the Bureau of Prisons can identify "other reasons" for compassionate release outside of those explicitly set forth by the applicable policy statement.  *See* U.S.S.G. § 1B1.13 cmt. 1(D); *Bryant*, 996 F.3d at 1264–65.  The Bureau of Prisons has not delineated Mr. Hall's reasons for release as extraordinary and compelling; therefore, he cannot show that he is entitled to relief under Application Note 1(D).

Mr. Hall also cannot show extraordinary and compelling reasons meriting release under Application Note 1(A), which—relevant here—applies to inmates with a serious medical condition that substantially diminishes the inmate's ability to provide self-care in prison and from which the inmate "is not expected to recover."  U.S.S.G. § 1B1.13 cmt. 1(A)(ii)(I).  Mr. Hall has not shown that he falls within that provision.  Mr. Hall suffers from hypertension and sickle cell trait and states that he is a former smoker.  (Doc. 30 at 2–3); (doc. 34-1); (doc. 34-2).  The record contains no information indicating that those are serious conditions that substantially diminish his ability to provide self-care.  Further, Mr. Hall cannot rely on the threat of COVID-19 to show a serious medical condition under the policy statement.  Mr. Hall is fully vaccinated against COVID-19.  (Doc. 34-1 at 2).  Courts have recognized that "[b]eing fully vaccinated means [a] Defendant has a very low risk of developing COVID-19 that will result in death or serious illness."  *United States v. Loute*, No. 2:15-CR-99-FTM-38MRM, 2021 WL 1946701, at *2 (M.D. Fla. May 14, 2021).  Thus, Mr. Hall cannot show that he faces extraordinary risk from COVID-19 and cannot show, considering the totality of the circumstances, that he is suffering from any medical condition that substantially diminishes his ability to care for himself in prison and from which he is not expected to recover.  *See* U.S.S.G. § 1B1.13 cmt. 1(A)(ii)(I).

Accordingly, Mr. Hall cannot show extraordinary and compelling reasons

for release under Section 3582(c)(1)(A) consistent with the applicable policy statement and, thus, is not eligible for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). Therefore, Mr. Hall's motion for compassionate release, (doc. 30), is **DENIED**.

   **DONE** and **ORDERED** this 8th day of June, 2021.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE